HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLIE DEETER-LARSEN, et al.,

    Plaintiffs,

    v.

WHATCOM HUMANE SOCIETY, et al.,

    Defendants.

CASE NO. C18-300 RAJ

ORDER

This matter comes before the Court on Defendants Whatcom Humane Society, Laura A. Clark, and Rebecca Crowley's (collectively, "Defendants") Motion to Dismiss And/Or Bar Plaintiffs' Defamation Damages. Dkt. # 28 ("Motion"). Plaintiffs oppose, and Defendants have filed a Reply. Dkt. ## 32, 33. For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion. Dkt. # 28.

## I. BACKGROUND

The following factual allegations are taken from Plaintiffs' Complaint, which are assumed to be true for the purposes of this motion to dismiss. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

Plaintiffs operated a pig farm in Whatcom County. Dkt. # 1 at p. 2, ¶ 9. Plaintiffs housed a number of animals on their farm, including multiple pigs, horses, and dogs. *Id.* at ¶¶ 11-12. Beginning in late 2015 and extending to 2016, Defendant Rebecca Crowley

ORDER – 1

of the Whatcom Humane Society made repeated visits to Plaintiffs' farm to investigate the treatment of the animals. *Id*. During Ms. Crowley's visits, she took photos of Plaintiffs' property. *Id*. On March 2017, Whatcom Humane Society seized all of the animals from Plaintiffs' farm, allegedly after learning that Plaintiffs were feeding the animals in a way that "did not align with the Whatcom Humane Societies [sic] beliefs on what feed was appropriate for animals to consume." *Id*. at p. 3, ¶ 13. Plaintiffs allege that Whatcom Humane Society ordered the pigs seized to be euthanized, and made some statements regarding Plaintiffs on Facebook and through e-mails. *Id*. at ¶ 16. Plaintiffs do not explain what these statements were, who made them, when they were made, or in what form. *Id*.

On February 27, 2018, Plaintiffs filed this lawsuit against Defendants Whatcom Humane Society, Laura A. Clark, Whatcom County, Rebecca Crowley, Washington State Department of Agriculture, and Amber Itle. Dkt. # 1. Plaintiffs' Complaint asserts eighteen causes of action, one of which is for defamation. *Id*. at p. 6. In total, Plaintiffs' defamation claim reads:

### **CLAIM VII**
(Defamation)

36. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-23 above as if fully set forth herein.

37. By doing the acts described above, Whatcom Humane Society made a false statement of fact, of or concerning the Plaintiff, which was published to 3rd persons, and caused a reputational injury to the Plaintiff.

*Id*. at ¶¶ 36-37. On May 11, 2018, Defendants Whatcom Humane Society, Laura A. Clark, and Rebecca Crowley filed this Motion to Dismiss And/Or Bar Plaintiffs' Defamation Damages pursuant to RCW 7.96 et seq. Dkt. # 28. Plaintiffs opposed, and Defendants filed a Reply. Dkt. ## 32, 33.

ORDER – 2

## II. DISCUSSION

Defendants have not provided a legal standard for which to adjudicate its Motion; accordingly, the Court construes this Motion as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a pleading for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court must accept as true a complaint's well-pleaded facts, "conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss." *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007). Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### A. The Court Dismisses Plaintiffs' Defamation Claim

Defendants move to dismiss Plaintiffs' defamation claim. Dkt. # 28. To plead defamation under Washington law, a plaintiff must show four essential elements: falsity, an unprivileged communication, fault, and damages. *Mark v. Seattle Times*, 96 Wash. 2d 473, 486 (1981). Defendants argue that Plaintiffs' Complaint ignores Washington statutory prerequisites to the filing of a defamation claim, as set forth in RCW 7.96. Dkt. # 28 at 7-9. That statute states that a person may maintain an action for defamation "only if the person has made a timely and adequate request for correction or clarification from the defendant or the defendant has made a correction or clarification." RCW 7.96.040(1).

Such a request is "adequate" if, *inter alia*, it "[s]pecifies with particularity the statement alleged to be false and defamatory or otherwise actionable and, to the extent known, the time and place of publication; [a]lleges the defamatory meaning of the statement; [and] [s]pecifies the circumstances giving rise to any defamatory meaning of the statement which arises from other than the express language of the publication." RCW 7.96.040(3).

Plaintiffs do not contest that they failed to follow the procedures set forth in RCW 7.96 for a state level defamation claim. Dkt. # 32. Moreover, the Complaint fails to give Whatcom Humane Society notice as to what exactly they are being accused of, as it fails to state what false statements were made, when, or by whom. The defamation cause of action pleads only a generic allegation of defamation in a conclusory manner, which is insufficient under RCW 7.96, and is insufficient to state a claim for defamation under Washington law.

Plaintiffs do not seem to contest that they failed to state a defamation claim under Washington law. Plaintiffs' only response to Defendants' Motion is to argue that Plaintiffs' Complaint did not contain a defamation claim under Washington law, but rather "only a federal defamation claim under 1983." Dkt. # 32 at 2. Plaintiffs argue that Defendants' Motion should be denied because it attempts to dismiss a nonexistent claim. *Id*. The Court is unpersuaded by this argument; at the very least, Plaintiffs' Complaint is ambiguous as to whether it arises under state or federal law. Plaintiffs' defamation claim contains no reference to 42 U.S.C. § 1983. Dkt. # 1 at p. 6, ¶¶ 36-37. Although Plaintiffs cite Section 1983 in reference to other claims, they do not cite this statue in reference to their defamation claim. *See, e.g., id*. at pp. 4-5, ¶¶ 26-27. It is not clear to the Court whether Plaintiffs' two-paragraph defamation claim, which does not cite any federal statute, arises under federal or state law. *Cf. Stone-Molloy v. Midland Funding LLC*, No. 215CV08017ODWAJWX, 2015 WL 6159104, at *1 (C.D. Cal. Oct. 19, 2015) ("Plaintiff does not cite a federal statute or use language that substantially tracks the language of a

ORDER – 4

federal statute, and thus it is not clear that she is trying to state a claim under federal law.").

Defendants argue that even if Plaintiffs' defamation claim is construed as one under 42 U.S.C. § 1983, Plaintiffs still fail to state a claim. Dkt. # 33 at 4-8. The Court agrees. Allegations of defamation alone do not state a Section 1983 claim. *Paul v. Davis*, 424 U.S. 693, 701-10 (1976). A claim under Section 1983 for defamation can only proceed if plaintiff is subjected to "stigma plus'; i.e., if the state makes a charge against [a plaintiff] that might seriously damage his standing and associations in the community," and "1) the accuracy of the charge is contested, 2) there is some public disclosure of the charge, and 3) it is made in connection with the termination of employment or the alteration of some right or status recognized by state law." *Wenger v. Monroe*, 282 F.3d 1068, 1074 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 17, 2002) (citing *Llamas v. Butte Community College Dist.*, 238 F.3d 1123, 1129 (9th Cir. 2001)); *see also Ulrich v. City & Cty. of San Francisco*, 308 F.3d 968, 982 (9th Cir. 2002). Damage to reputation alone is not actionable under Section 1983. *Hart v. Parks*, 450 F.3d 1059, 1069 (9th Cir. 2006).

Here, Plaintiffs' Complaint alleges that Whatcom Humane Society made some unspecified "public posts on Facebook and via emails with false and defamatory statements regarding the treatment of the animals by the owners," but the only harm they allege is that the statements "were harmful to Plaintiffs [sic] reputation." Dkt. # 1 at p. 3, ¶ 16; *see also id.* at p. 6, ¶ 37 (alleging only " reputational injury to the Plaintiff."). Plaintiffs do not state what these alleged statements were, or how they were false. Moreover, the Complaint contains no allegation that Plaintiffs were deprived of any "recognizable property or liberty interest" as a result of the unidentified and allegedly defamatory statements.

ORDER – 5

The Court cannot readily discern from Plaintiffs' Complaint either the alleged defamatory statements or the "plus" element of Plaintiffs' purported "stigma plus" federal defamation claim. Accordingly, the Court finds that Plaintiffs have failed to state a defamation claim under either federal or state law. The Court **GRANTS** Defendants' Motion to the extent it seeks to dismiss Plaintiffs' defamation claim.

### B. The Court Grants Plaintiffs Leave to Amend

In dismissing Plaintiffs' defamation claim, the Court considers whether to grant Plaintiffs leave to amend. "The court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). To determine whether justice so requires leave to amend, the Court considers "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court believes that although Plaintiffs may ultimately be precluded from asserting a defamation claim under Washington law, it is too early to tell whether a defamation claim arising under federal law would be futile. The Court will thus grant Plaintiffs one opportunity to amend their defamation claim within fourteen (14) days from this Order. If Plaintiffs do not make any amended filing within this timeframe, or if their amended pleading fails to address the deficiencies discussed above, the Court will dismiss Plaintiffs' defamation claim with prejudice.

Defendants argue that because Plaintiffs failed to respond to a demand for information made under RCW 7.96.050, Plaintiffs are barred from seeking defamation damages. Dkt. # 28 at 9. The Court believes this request is premature, because Plaintiffs' amended pleading may still be able to assert a defamation claim under federal law, and Defendants have cited no cases or authorities applying RCW 7.96.050 to defamation claims arising under federal law. Accordingly, at this time the Court will

ORDER – 6

**DENY** Defendants' Motion to the extent it seeks to prohibit Plaintiffs from seeking defamation damages of any sort. Should Plaintiffs' amended defamation claim suffer from similar defects, Defendants may renew their request to bar Plaintiffs' defamation damages.

### III.  CONCLUSION

For all the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion. Dkt. # 28. The Court **DISMISSES** Plaintiffs' defamation claim (Count VII). Dkt. # 28. Plaintiffs are given leave to amend their defamation claim within fourteen (14) days of the date of this order. If Plaintiff fails to timely comply with this Order by filing an amended complaint that states a valid defamation claim, the Court will dismiss the claim without leave to amend. The Court **DENIES** Defendants' request to bar Plaintiffs from seeking defamation damages at this time.

DATED this 12th day of October, 2018.

*Richard A. Jones*
———————————————
The Honorable Richard A. Jones
United States District Judge

ORDER – 7